Bentley v. Mobile Gas Station

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

Willie Bentley, Jr.,

> *Plaintiff-Appellant,*

v.

14-2025

Mobil Gas Station, Peter Bruckel, Ron Marty,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT: Willie Bentley, Jr., pro se, Geneseo, NY.

FOR DEFENDANTS-APPELLEES: Louis B. Cristo, Trevett Cristo Salzer & Andolina P.C., Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Willie Bentley, Jr., proceeding pro se, appeals from the district court's judgment dismissing his 42 U.S.C. § 1981 complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review dismissals under Federal Rule of Civil Procedure 12(b)(6) de novo, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts should read a pro se complaint with "special solicitude" and interpret it "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

To state a § 1981 claim, a plaintiff must allege that: "(1) [he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam). To survive a motion to dismiss, a plaintiff must specifically allege the "circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d

2

Cir. 1994). A plaintiff's naked allegation that the defendant acted based on the plaintiff's race and color is too conclusory to survive a motion to dismiss. *See Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (en banc).

Here, the district court dismissed the complaint, in part, because Bentley failed to allege that the defendants were motivated by racial animus. This ruling is without error. Bentley did not allege, despite the opportunity to amend, circumstances giving rise to a plausible inference of discriminatory intent.[1] His only allegations concerning the defendants' motives for their treatment of him centered on what he purchased and how he behaved, not on an immutable characteristic. Moreover, he argues that he was banned from the appellee Peter Bruckel's stores without any "specific or rational reason," which no person, irrespective of their "gender race, or religion," should face. But § 1981 does not require that individuals act rationally or explain their behavior—it only forbids them from acting with a discriminatory intent.

We have considered Bentley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] For the same reason, Bentley cannot prevail under 42 U.S.C. § 2000a. *See Lizardo v. Denny's, Inc.*, 270 F.3d 94, 106 (2d Cir. 2001) (affirming the dismissal of plaintiffs' § 2000a claims for the same reasons that their § 1981 claims failed).